IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ALLEN R. TAYLOR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO.13-00055-WS-B |
| | ) | |
| MOBILE COUNTY METRO JAIL, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Allen R. Taylor, who is proceeding pro se, filed a hand-written complaint alleging that he is a "federal prisoner" who is currently incarcerated at the Mobile Metro jail. (Doc. 1).  Although Taylor asserts that he is seeking relief pursuant to 28 U.S.C.§ 2255, the crux of his complaint relates to alleged inadequacies at the Mobile Metro jail. (Id.).   Accordingly, in an Order dated February 6, 2013 (Doc. 2)[1], Taylor was advised that claims challenging the fact of conviction "fall within the 'core' of habeas corpus", while claims challenging the conditions of confinement must be brought in a civil rights action under § 1983. (Id.).  Taylor was directed to make an election and to refile, by March 6, 2013, his complaint on this Court's form for a 1983 prisoner action, or the form for a habeas action. (Id.).

---

[1] This action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).

1

In addition, the Court observed that Taylor had neglected to tender the filing fee when he filed this action.  Accordingly, he was directed to tender, by March 6, 2013, the appropriate filing fee, depending on the type of action he elected to file, or in lieu thereof, to file a motion to proceed without prepayment of fees. (Id.).

This action is before the Court due to Taylor's failure to comply with the Court's Order dated February 6, 2013.  To date, Taylor has not made an election, and refiled his complaint on the appropriate court form.  Additionally, he has not paid the statutory filing fee or in lieu thereof, submitted a motion to proceed without prepayment of fees.  Further, there is nothing on the docket suggesting that Taylor's copy of the Court's Order has been returned to the Court.

Due to Taylor's failure to comply with the Court's Order and failure to prosecute this action, and upon consideration of the alternatives that are available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, as no other lesser sanction will suffice. Link v. Wabash R.R., 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (recognizing a district court's inherent power to enforce orders and provide for the efficient disposition of litigation); Wilson v.

2

Sargent, 313 F.3d 1315, 1331-32 & n.7 (11th Cir. 2002) (holding that a prisoner's failure to pay the partial filing fee under § 1915 is a basis for dismissal); see generally Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337-38 (11th Cir. 2005) (discussing dismissals pursuant to the court's inherent power and dismissals based on Rule 41(b) of the Federal Rules of Civil Procedure, and concluding that only a dismissal with prejudice requires findings of contumacious conduct and that lesser sanctions will not suffice).

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this **22nd** day of **April, 2013.**

                **/s/ SONJA F. BIVINS**
                **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS**
**AND RESPONSIBILITIES FOLLOWING RECOMMENDATION**
**AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.   **Objection**.   Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.   Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).   The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[2] after being served with a copy of the recommendation, unless a different time is established by order.   The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.   The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.   It is

---

[2] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed. R. Civ. P. 72(b)(2).

insufficient to submit only a copy of the
original brief submitted to the magistrate
judge, although a copy of the original brief may
be submitted or referred to and incorporated into
the brief in support of the objection.  Failure
to submit a brief in support of the objection
may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court
of Appeals; only the district judge's order or judgment can be
appealed.

2.   **Opposing party's response to the objection.**  Any opposing party
may submit a brief opposing the objection within fourteen (14) days
of being served with a copy of the statement of objection.  Fed. R.
Civ. P. 72; SD ALA LR 72.4(b).

3.   **Transcript (applicable where proceedings tape recorded).**
Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the magistrate
judge finds that the tapes and original records in this action are
adequate for purposes of review.  Any party planning to object to this
recommendation, but unable to pay the fee for a transcript, is advised
that a judicial determination that transcription is necessary is
required before the United States will pay the cost of the transcript.